1  **Kyle A. Sturm,** OSB No. 080214
   ksturm@balljanik.com
2  BALL JANIK LLP
   101 SW Main Street, Suite 1100
3  Portland, Oregon 97204-3219
   503-228-2525
4  Fax 503-295-1058
   Attorneys for BANETTE PROPERTIES, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BANETTE PROPERTIES, LLC, an Oregon limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMCO INSURANCE COMPANY, a foreign company,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT [Declaratory Relief; Breach of Contract]**<br><br>**DEMAND FOR JURY TRIAL ON ALL ISSUES TRIABLE BY JURY** |

For its complaint against defendant, plaintiff alleges as follows:

1.  Plaintiff Banette Properties LLC ("Banette") is an Oregon limited liability company.

2.  AMCO Insurance Company issued a general liability policy to Banette as an insured. AMCO is an Iowa insurance company that was, and is, authorized to issue insurance policies in Oregon.

3.  In March 2015, a lawsuit was filed against Banette, styled as *Jefe, Inc. v. Banette*

Page 1 -  COMPLAINT

1  *Properties, Inc.*, Multnomah County Case No. 15CV07401 (the "Underlying Litigation"),[1]

2  seeking damages of no less than $200,000.

3      4.    Banette timely tendered defense of the Underlying Litigation to AMCO.

4      5.    AMCO denied coverage and refused to defend Banette in the Underlying

5  Litigation.

6      6.    This Court has jurisdiction over the subject matter of this action pursuant to 28

7  U.S.C. §1332(a), because there is complete diversity of citizenship between the parties. The

8  amount in controversy exceeds the sum of $75,000. Venue lies with this Court pursuant to 28

9  U.S.C. §1391(a), because the events which give rise to this dispute occurred in the District of

10  Oregon.

11  **FIRST CAUSE OF ACTION**

12  **(Declaratory Relief)**

13      7.    Banette realleges all paragraphs above and incorporates the same by reference.

14      8.    Defendant issued a liability insurance policy to Banette (policy number ACP

15  GLAO 7505138102 (the "Policy")).

16      9.    The Policy obligates Defendant to indemnify Banette for damages and to defend

17  Banette in the event of a suit.

18      10.    Despite its obligations to defend and indemnify Banette, Defendant denied

19  coverage to Banette.

20      11.    An actual and justiciable controversy exists between the parties with respect to

21  coverage under the Policy. Banette therefore requests a declaration and an adjudication of the

22  rights, duties, and liabilities of the parties regarding Banette's claims for defense and indemnity

23  arising from the Underlying Litigation.

24      12.    Banette seeks a declaration from this court that: (1) Defendant owes Banette a

25  ―――――――――――――――――
[1] Multnomah County Circuit Court recently granted Banette's Motion to Change Venue, and as a result,
26  the Underlying Litigation will be transferred to Clackamas County Circuit Court.

Page 2 -  COMPLAINT

duty to defend in the Underlying Litigation; (2) Defendant breached that duty; (3) there are no exclusions or limitations which apply to abrogate those duties; (4) Defendant must reimburse Banette for any fees and expenses it has incurred and must immediately undertake the defense of Banette in the Underlying Litigation; and (5) Defendant must indemnify Banette against all liability for damages in the Underlying Litigation.

## SECOND CAUSE OF ACTION

### (Count I: Breach of Contract – Express)

13. Banette realleges all paragraphs above and incorporates the same by reference.

14. Defendant failed to fully accept, acknowledge and undertake its contractual duties and obligations to Banette with respect to the Underlying Litigation.

15. Defendant breached its contractual obligations under the Policy by failing or declining to accept and/or perform its contractual duties and obligations with respect to Banette's rights to a defense and payment of Banette's legal liabilities for damages in the Underlying Litigation.

16. Banette has performed all of its obligations and conditions precedent under the Policy, except any that were waived or excused.

17. As a direct and proximate result of Defendant's breaches of the Policy, Banette was and is deprived of the benefit of insurance coverage provided under the Policy and seeks damages in an amount to be proven at trial, but which are no less than $200,000.

18. Banette seeks attorney fees pursuant to ORS 742.061 and pre-judgment interest.

### (County II: Breach of Contract – Implied)

19. Banette realleges all paragraphs above and incorporates the same by reference.

20. The covenant of good faith and fair dealing is implied into the terms of the Policy.

21. The implied covenant of good faith and fair dealing serves to protect the reasonable expectations of Banette under the Policy.

22. The claims brought against Banette in the Underlying Litigation fell within the

Page 3 - COMPLAINT

1  coverage provided by the Policy, and therefore Banette reasonably expected Defendant to

2  (among other things):

3       a. Apply the Policy terms in a manner which preserved Banette's reasonable expectation of coverage;

5       b. Apply the Policy terms in a manner which treated Banette's interests at least equal to its own; and

6       c. Undertake the defense and settlement of the Underlying Litigation in a manner which treated Banette's interests at least equal to its own.

8       23. Defendant breached the implied covenant of good faith and fair dealing by

9  depriving Banette of the reasonable expectations under the Policy.

10       24. As a result of Defendant's breach of its implied covenant to act in good faith and

11 deal fairly in its performance under the Policy, Banette seeks damages in an amount to be proven

12 at trial, but which are no less than $200,000.

13       25. Banette has performed all of its obligations and conditions precedent under the

14 Policy, except any that were waived or excused.

15       26. Banette seeks attorney fees pursuant to ORS 742.061 and pre-judgment interest.

**PRAYER FOR RELIEF**

17 WHEREFORE, Banette prays for judgment against Defendant as follows:

18 A. Judgment in its favor;

19 B. Damages in the amount of no less than $200,000;

20 C. Prejudgment interest;

21 D. Attorney fees; and

22 ///

23 ///

24 ///

25 ///

26

Page 4 -   COMPLAINT

1        E.    Any other relief the court deems just and/or equitable.

    DATED:  July 20, 2015              Respectfully submitted,

                                        By: /s/ Kyle A. Sturm
                                            Kyle A. Sturm, OSB No. 080214
                                            BALL JANIK LLP
                                            101 SW Main Street, Suite 1100
                                            Portland, OR  97204
                                            503.228.2525 (phone)
                                            503.295.1058 (fax)
                                            ksturm@balljanik.com (email)
                                            Attorney for BANETTE PROPERTIES, LLC

                                            Trial Attorney: Kyle A. Sturm

Page 5 -  COMPLAINT